# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60660
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2017

Lyle W. Cayce
Clerk

FAUSTINO ROJAS, also known as Faustino Rojas-Villa,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A038 516 056

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Faustino Rojas, a native and citizen of Mexico, has filed a petition for review of the order by the Board of Immigration Appeals (BIA) upholding the immigration judge's determination that he was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and § 1227(a)(2)(B). Rojas was originally charged in a notice to appear (NTA) in 2005 with removability under 8 U.S.C. § 1182(a)(2)(C) as an arriving alien. In 2014, the Department of Homeland

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60660

Security (DHS) withdrew the charge under § 1182(a)(2)(C) and added the charges under § 1227(a)(2)(A)(iii) and § 1227(a)(2)(B) in a Form I-261.

In his first argument, Rojas contends that DHS used the Form I-261 to improperly change his status from an arriving alien to an admitted alien. We have jurisdiction to review this argument pursuant to 8 U.S.C. § 1252(a)(2)(D). We review the BIA's legal determinations de novo. *Iruegas-Valdez v. Yates*, 846 F.3d 806, 810 (5th Cir. 2017). Rojas's argument is unavailing because the NTA alleged, and he conceded, that he was admitted to the United States as a legal permanent resident in 1983.

Rojas also contends that DHS was required under 8 U.S.C. § 1101(a)(13)(C)(vi) to charge him as an arriving alien following his unauthorized entry into the United States in July 2015. Rojas did not raise this argument before the BIA, and we lack jurisdiction to review it. *See* § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).

The petition for review is DENIED.